**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

LOURDES YANES DIAZ,

       Plaintiff,                      Case No. 16-CV-62786

v.

ALL METRO HOME CARE SERVICES
OF FLORIDA, INC. d/b/a ALL METRO
HEALTH CARE, and DAVID P. MIDDLETON,
Individually,

       Defendants.
_____/

## MOTION FOR JUDICIAL ENFORCEMENT OF PLAINTIFF'S SETTLEMENT AGREEMENT AND MEMORANDUM OF LAW

Defendants All Metro Home Care Services of Florida, Inc., d/b/a All Metro Health Care and David P. Middleton ("Defendants") hereby request that the Court enforce the agreement reached with Plaintiff Lourdes Yanes Diaz ("Plaintiff" or "Ms. Diaz") to settle this matter. In support of this Motion, Defendants state as follows:

1.    On April 26, 2017, the parties reached an agreement to resolve this matter for $13,000. The parties further agreed that $4,500 of that $13,000 total amount would go to Plaintiff's counsel for fees and costs. Exh. A (email chain of April 26, 2017).

2.    On April 27, 2017, Plaintiff filed a Notice of Settlement, informing the Court that the parties had reached a resolution of this matter. D.E. 27.

3.    The next day, on April 28, 2017, the Court entered an Order directing the parties to file a motion for approval of the settlement within thirty days, *i.e.*, by May 30, 2017. D.E. 28.

4.    On May 22, 2017, Defendants' counsel sent a draft settlement agreement to Plaintiff's counsel that memorialized the terms of the agreement already reached on April 26, 2017. Exh. B (email chain of May 22-26 with attachments).

DB1/ 92406271.1

5.      On May 25, 2017, Plaintiff's counsel approved the settlement agreement, stating: "Looks good to me." Exh. B.

6.      However, on May 26, 2017, Plaintiff's counsel advised Defendants' counsel that contrary to federal tax law, her client "will not accept w-2/1099." She instead proposed that the parties add language to the written document that would cause Plaintiff to indemnify Plaintiff's counsel, Defendants, and Defendants' counsel for any claims brought against them by the IRS in connection with the settlement of this matter, and that would allow both Plaintiff's counsel and Defendants' counsel to abdicate any responsibility for ensuring compliance with U.S. tax law over the settlement payments:

> **Indemnification**. Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, owners, employees, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person and/or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder as wages, including, without limitation, Plaintiff, the IRS, or any other person.
>
> **Attorneys Not Tax Experts.** The Parties acknowledge that any attorney involved in this agreement does not claim to be an expert in tax matters. Each Party states that he/she/it has consulted or has had the opportunity to consult with a tax professional to fully evaluate the tax implications and consequences of this Agreement.

Exh. B.

7.      In response, Defendants' counsel wrote to Plaintiff's counsel that "the change to our settlement agreement [her]client is now proposing is not in compliance with U.S. tax laws. Please have her sign the agreement as written. Otherwise, we will have no choice but to bring the issue before Judge Bloom." Exh. B.

8.      After unsuccessful attempts to further confer with Plaintiff's counsel on the issue, Defendants filed a motion for extension of time to submit a motion for approval of settlement on

DB1/ 92406271.1

- 2 -

May 30, 2017.  D.E. 28.  The Court granted this motion, giving the parties until June 6, 2017 to file a motion for approval of settlement.  D.E. 29.

WHEREFORE, Defendant respectfully requests that this Court judicially enforce the terms of the parties' April 26, 2017 agreement to resolve this matter as memorialized in the Settlement Agreement approved by Plaintiff's counsel on May 25, 2017.

## Memorandum of Law

In *Jarvis v. City Elec. Supply Co.,* the Middle District of Florida judicially enforced an FLSA settlement under strikingly similar circumstances.  2012 WL 933057, at **2-3 (M.D. Fla. Mar. 5, 2012) (Baker, J.).  As here, the settlement in *Jarvis* was evidenced by e-mails between the parties' counsel.  *Id.* at *2.  In that correspondence, counsel for the parties negotiated and ultimately agreed to the terms of the plaintiff's settlement agreement.  *Id.*  Despite this, the plaintiff – like Ms. Diaz here – suddenly refused to execute her written settlement agreement.  *Id.*  The court found that the plaintiff had "entered into a settlement," holding that "the emails indicate that Plaintiff, through her authorized representative, accepted that the parties had reached agreement on all of the material terms."  *Id.* at *3.  Moreover, the court held that the agreed upon terms of the plaintiff's settlement were those contained in the final version of her written settlement agreement that counsel for the parties had negotiated, and to which they ultimately agreed through e-mail exchanges.  *Id.*

Similarly, in *Christopher v. Damiano Long, LLC*, the Middle District judicially enforced an FLSA settlement that the parties had reported to the court notwithstanding the plaintiff's refusal to execute her written agreement.  2007 WL 1839288, at **2-3 (M.D. Fla. June 26, 2007) (Conway, J.).  As in *Jarvis*, the parties in *Christopher* entered into a settlement agreement as reflected by the correspondence between the parties' counsel.  *Id.* at *2.  The parties also agreed to have the defendant's counsel file a notice of settlement with the court, which it did.  *Id.* at *2

n.2.  The court found that "[t]he terms of the deal are specific and memorialized in the Settlement Agreement, which [as here] was *tendered to and accepted by Plaintiff's counsel*, on Plaintiff's behalf." *Id.* at *2 (emphasis added).  Thus, the court held that "[t]he motion to enforce the settlement agreement, to the extent it seeks recognition of the agreement, should therefore be granted." *Id.*

In this case, Plaintiff's proposed modification violates U.S. tax law.  In *Social Security Board v. Nierotko,* 327 U.S. 358, 367 (1946), the Supreme Court found that back pay is "wages" for Social Security, and by logical extension, Federal Income Tax withholding.  Pursuant to Code section 6051 of the Internal Revenue Code, an employer is required to report "wages" to an employee on an IRS Form W-2.  The employer must also file a copy of the employee's W-2 with Social Security Administration. Treas. Reg. § 31.6051-2(a).  Furthermore, an employer is required to report any part of a settlement that is income to an employee but does not constitute wages on an IRS Form 1099-MISC pursuant to section 6041 of the Internal Revenue Code.  Plaintiff thus refuses keep her word and sign the parties' agreement unless Defendant agrees, via a modification to the agreement, to violate U.S. tax law.  Such an illegal modification is unenforceable even if it were somehow part of the agreement reached a month earlier, which it is not.

As the e-mail correspondence between Defendants' counsel and Ms. Diaz's counsel demonstrates – as in both *Jarvis* and *Christopher* – Ms. Diaz had agreed to settlement of all of her claims against Defendants under the terms of a negotiated and final written Settlement Agreement (attachment to Exh. B)  Plaintiff's only reason for not executing her Settlement Agreement is her unwillingness to comply with established U.S. tax law.  Therefore, as in *Jarvis* and *Christopher*, this Court should find that Ms. Diaz has settled all of her claims against Defendants and agreed to the terms of her final written Settlement Agreement.

## Conclusion

Defendants respectfully request that the Court enter an order holding that Plaintiff Lourdes Yanes Diaz has settled all of her claims against Defendants under the terms of her final written Settlement Agreement, which will then be submitted for judicial approval.

## Certificate of Conferral In Accordance With S.D. Fla. Local Rules

The undersigned certifies that it has conferred in good faith with Plaintiffs' counsel about the relief requested by this motion and states that Plaintiff's counsel would not agree to the relief requested.  Exh. B.

Submitted this 1st day of June, 2017.

Respectfully submitted,

*/s/ Mark E. Zelek*
Mark E. Zelek
Florida Bar No. 667773
mark.zelek@morganlewis.com
John R. Beauchamp
Fla. Bar No. 119065
john.beauchamp@morganlewis.com
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard
Suite 5300
Miami, FL 33131-2339
Telephone:  305.415.3303

*Counsel for Defendant*

- 6 -

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I HEREBY CERTIFY that that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will, in turn, send a notice of electronic filing to Allyson Morgado, Esq., CORONA LAW FIRM, P.A., 3899 NW 7th Street, 2nd Floor, Miami, FL 33126, Telephone: (305) 266-1150, Facsimile: (305) 266-1151, amorgado@coronapa.com, this 1st day of June, 2017.

/s/ *Mark E. Zelek*
Mark E. Zelek