**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 16-cv-62786-BLOOM/Valle**

LOURDES YANES DIAZ,

    Plaintiff,

v.

ALL METRO HOME CARE SERVICES OF FLORIDA, INC.
d/b/a All Metro Health Care,
and DAVID P. MIDDLETON,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** comes before the Court upon the parties' Joint Motion for Judicial Approval of FLSA Settlement, ECF No. [43], (the "Motion"), filed on August 15, 2017. The parties have settled this case, filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and seek the Court's approval of their Settlement Agreement and General Release, ECF No. [43-1] (the "Settlement Agreement").

This Court has the responsibility of approving settlement agreements for cases arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, if the parties choose not to present their settlement to the Secretary of Labor. *See Lynn's Food Stores v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). The Court has carefully reviewed the record, the Motion, the Settlement Agreement, and is otherwise advised in the premises.

The Court finds that settlement of this action is fair and reasonable and that the requested fee is fair, reasonable, and not grossly excessive.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [43]**, is **GRANTED**.

2. The Settlement Agreement, ECF No. [43-1], between Plaintiff and Defendants, which has been duly filed as a record of the Court, is **APPROVED** in its entirety.[1]

3. This case is **DISMISSED WITH PREJUDICE**, and all pending motions are **DENIED AS MOOT**.

4. The Court retains jurisdiction to enforce the terms of the Agreement.

**DONE AND ORDERED** in Miami, Florida this 15th day of August, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

[1] The Settlement Agreement contains what appears to be a confidentiality provision. *See* ECF No. 43-1 at 6. Where the Court must approve a settlement, the agreement becomes a part of the judicial record, and therefore may not be deemed confidential even if the parties so consent. *See Jessup v. Luther*, 277 F.3d 926, 929–30 (7th Cir. 2002). Accordingly, parties may not submit a settlement agreement under seal or seek to have it reviewed in camera unless there is a compelling interest in secrecy. *Id.* at 928. While the confidentiality provision indicates that the parties seek to maintain the nondisclosure of Plaintiff's claim and the contents of the Settlement Agreement, the parties have not sought to file the Settlement Agreement under seal. Irrespective of whether such motion would be granted, the Settlement Agreement will nonetheless appear on the public docket.